## Case No. 10,567.

### In re OREM et al. v. HARLEY.

[3 N. B. R. 263 (Quarto, 62);[1] 2 Balt. Law Trans. 943.]

#### District Court, D. Maryland. 1869.

BANKRUPTCY—PLEADING — SUFFICIENCY OF AVERMENTS—ANSWER—INTENT IN SUSPENDING PAYMENT.

1. Petition filed in involuntary bankruptcy, was signed in the firm name of creditors, and affidavit made thereto by one C., a member of the firm, averring that the defendant, "being a trader, had fraudulently suspended and not resumed payment of his commercial paper within a period of fourteen days." On demurrer, *held*, objection to the sufficiency of averment cannot strictly be raised on demurrer, but should be by answer.

2. The intent of the alleged bankrupt in suspending payment should be alleged as a fact.— Leave granted to answer.

[Cited in Re Butterfield, 6 N. B. R. 259.]

On the 12th of July, 1869, John M. Orem, Son & Co., creditors, filed their petition, praying that the defendant, George W. T. Harley, might be declared bankrupt. The petition proceeded upon two alleged acts of bankruptcy. It embraced the usual formal allegations, and set forth in full the character of the petitioners' claim, which consisted of two promissory notes, one of which matured on the 13th of April, and

[1] [Reprinted from 3 N. B. R. 263 (Quarto, 62), by permission.]

the other on the 6th of June. The petition then went on to charge the specific acts of bankruptcy as follows: First. That within the preceding six months, the said Harley did commit an act of bankruptcy, "in that the said Harley, within the period aforesaid, and within the said district, to wit: on the 13th day of April, A. D. 1809, being a trader, has fraudulently suspended, and has not resumed payment of his commercial paper within the period of fourteen days." A similar act, charged to have been committed on the 6th of June, was alleged in the same language. Second. That within the same period, to wit: on the 2d of April, 1869, being possessed of certain real estate (which is fully described in the petition), the said Harley did make a conveyance of the same to Otho F. Harley, of etc., etc. "And that this deponent is informed and believes that the said deed was made with intent to defraud the creditors of George W. T. Harley." The petition was signed "John M. Orem, Son & Co.," and the affidavit thereto was made by Chase, one of the partners. To this petition the defendant's counsel filed a demurrer, which was argued on the 25th September. The grounds of the demurrer, in regard to the first allegation, were, that the alleged act of bankruptcy was insufficiently set forth—that the general language of the act, as used in the petition, was not sufficient, but that it was necessary to describe, in the allegation, the particular paper, in the payment of which, it was alleged, that the defendant had made default, as well as the circumstances of suspension, so that the court might judge whether or not the papers were commercial papers, and also whether the circumstance of suspension, if proved, as alleged, would amount to a fraudulent stoppage or not; and that the defendant might be informed of the particular paper, in regard to which the suspension was charged, so that he might the better be able in his answer to deny or explain. In regard to the second allegation, the grounds of demurrer were, first, that the intent should have been alleged as a fact, and not stated simply as a matter of information and belief; and, secondly, that even if sufficiently charged, it was not the charge of the "petitioners," but only of "this deponent," and that "this deponent" (Chase), in his individual capacity, was neither a creditor nor a party to the petition, and, therefore, had no standing in court.

The demurrer was sustained as to the second allegation, and overruled as to the first, on the ground that a demurrer was not strictly the proper mode of presenting the question; but, without any expression of opinion upon the points submitted, leave was granted to the defendant, until October 9, to answer the first allegation, or take such other proceedings as seemed fit. whereupon his counsel filed a motion to discharge the rule requiring him to show cause in respect to the said first allegation. This motion was submitted upon the argument already made on the demurrer, and upon it THE COURT reserves its decision.

Wm. Schley and Patrick McLaughlin, for petitioners.

John Ritchie and Albert Ritchie, for defendant.